# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE NO. 4:13-CR-18-HLM-WEJ |
| DEMOND WILSON. | |

## ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence Seized Without a Warrant ("Motion to Suppress") [16],[1] on the Non-Final Report and Recommendation of United States Magistrate Judge Walter

---

[1] Judge Johnson denied as moot Defendant's Motion to Suppress Statements. (Non-Final Report & Recommendation (Docket Entry No. 44) at 1.) The Court finds that Judge Johnson correctly resolved that Motion.

E. Johnson [44], and on Defendant's Objections to the Non-Final Report and Recommendation [47].

I. **Standard of Review for a Report and Recommendation**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894

2

F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

### A. Statement of Facts

The Court's review of the record in this case reveals that Judge Johnson correctly set forth the facts in this action. The Court therefore adopts the Statement of Facts

portion of the Non-Final Report and Recommendation, and incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein. (Non-Final Report & Recommendation at 2-8.) In light of this finding, the Court rejects Defendant's contention that "the facts recited by the Court are inconsistent with the evidence." (Objections (Docket Entry No. 47) at 2.)

## B. Procedural Background

On April 9, 2013, a federal grand jury sitting in the Northern District of Georgia returned a two-count indictment against Defendant. (Docket Entry No. 9.) Count One of the Indictment alleges that, on or about January 8, 2013, in the Northern District of Georgia, Defendant, having been convicted of a felony offense, did knowingly possess in and

4

affecting interstate and foreign commerce, a firearm, that is, a .22 caliber rifle, in violation of 18 U.S.C. § 922(g). (Id. at 1.) Count Two of the indictment charges that, on or about January 16, 2013, in the Northern District of Georgia, Defendant, having been convicted of a felony offense, did knowingly possess in and affecting interstate and foreign commerce, rounds of ammunition, including .22 and .223 caliber ammunition, in violation of 18 U.S.C. § 922(g). (Id. at 1-2.) The indictment also contains a forfeiture provision. (Id. at 2-3.)

On April 26, 2013, Defendant filed his Motion to Suppress. (Docket Entry No. 16.) Defendant initially challenged the stop of his vehicle on January 8, 2013, and the search of his residence and vehicle on January 16,

2013. (See generally id.) Defendant does not now contest the search warrants executed for his residence and vehicle. (See generally Def.'s Post-Hr'g Br. (Docket Entry No. 42.) Defendant, however, argues that the stop of his vehicle violated his Fourth Amendment rights.[2]

Judge Johnson held an evidentiary hearing on Defendant's Motion to Suppress. (Docket Entry No. 38.) On January 16, 2015, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 44.) Judge Johnson recommends that the Court deny Defendant's Motion to Suppress. (Id.)

---

[2]In his post-hearing brief, Defendant stated that, if the Court deemed the initial stop and detention valid, then Defendant would not contend that police lacked probable cause to search his vehicle, given the odor of marijuana coming from it and the subsequent alert of the drug dog. (Def.'s Post-Hr'g Br. at 7-8.)

6

Defendant filed Objections to the Non-Final Report and Recommendation. (Docket Entry No. 47.) The time period in which the Government could file a response to Defendant's Objections has expired, and the Court finds that the matter is ripe for resolution.

## III. Discussion

Judge Johnson correctly set forth the relevant law relating to the Fourth Amendment and investigatory stops in his Non-Final Report and Recommendation. (Non-Final Report & Recommendation at 9-11.) The Court further agrees with Judge Johnson that given the evidence, "the totality of the circumstances support the officers' reasonable suspicion to stop [D]efendant's vehicle and to briefly detain and question him, especially given the relatively low

governing threshold." (Id. at 11.) As Judge Johnson noted:

> The facts show that law enforcement received information from witnesses that a red, boxy sedan with tinted windows driven by a black male was likely involved in the shooting. Therefore, these agents/officers, all of whom were experienced in criminal investigations, were on the lookout for such a vehicle as they patrolled the area around the crime scene. Their suspicions were aroused when they were parked outside a residence on Dever Street and saw a car matching that description driven by a black male pull into the driveway of the adjoining house and suddenly back out and drive off the other way. The agents/officers collectively viewed this activity as suspicious; not only did they believe that the car (now identified as a Cadillac) matched the description given by the witnesses, but also they felt that the driver had seen them, recognized them as law enforcement, and quickly left to avoid speaking with them. Thus, Sgt. Lloyd issued the BOLO. The agents/officers then drove down Dever Street and in a short while saw the same red car driving toward them. Agent Childers stepped out into the road to stop [D]efendant's vehicle, and he voluntarily complied.

8

(Id. at 12-13 (footnote omitted).) Although Defendant argues that pulling quickly into and out of a driveway is not illegal, the Court agrees with Judge Johnson that "the agents/officers were justified in forming [a] reasonable suspicion of criminal activity . . . by observing exclusively legal activity, even [though] such activity [would have been] seemingly innocuous to the ordinary citizen." (Id. at 12 n.11 (alterations in original) (internal quotation marks and citation omitted).)[3]

---

[3]Defendant makes a similar argument in his Objections. (Objections at 4.) According to Defendant, "Judge Johnson incorrectly accepted the conclusory testimony of Agent Childers that the vehicle that backed out of 208 Dever Street was suspicious." (Id.) The Court finds that Agent Childers' testimony was not conclusory and that it certainly could support a finding that this driving behavior was suspicious. The Court therefore overrules this portion of Defendant's Objections.

9

Judge Johnson also correctly rejected Defendant's argument that the description of the vehicle was too vague to support reasonable suspicion. (Non-Final Report & Recommendation at 13-15.) As Judge Johnson noted, the facts of this case differ from the cases cited by Defendant in which courts found that officers lacked reasonable suspicion to stop vehicles. (Id. at 15.) Specifically, in this case,

> the witnesses described seeing a black male driving a red, boxy, two-or four-door sedan with tinted windows at the crime scene. . . . During the time that elapsed between when officers obtained this description and the vehicle stop, the agents/officers saw a vehicle matching that description driven by a black male pull into a driveway near them; they believed that the driver had noticed them, realized they were law enforcement, and left abruptly in the opposite direction to avoid them. This act, which the officers deemed suspicious in their experience, led

10

to issuance of a BOLO. When the red, boxy sedan with tinted windows driven by a black male (more specifically identified by this time as a Cadillac) was spotted again–within close proximity to the crime scene and hours after the shooting–the agents/officers had a particularized and objective basis for suspecting legal wrongdoing.

(Id. at 15-16.) With all due respect to Defendant, nothing in his Objections warrants a different result. (Objections at 4-6.) The Court therefore overrules this portion of Defendant's Objections.

For the reasons discussed above, Judge Johnson correctly found that the officers had reasonable suspicion to stop the vehicle and question its driver, Defendant. The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant's Objections, and denies Defendant's Motion to Suppress.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [44], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [47], and **DENIES** Defendant's Motion to Suppress [16].

IT IS SO ORDERED, this the 4 day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

12